# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:17CV12-RJC-DSC

| | |
|---|---|
| APRIL SALAZAR O/B/O M.S., ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **OF REMAND** |
| NANCY A. BERRYHILL,[1] ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

# I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on January 10, 2017, seeking Supplemental Security Income ("SSI") benefits on behalf of her son M.S. due to asthma, hearing loss with delays in speech language development, autism spectrum disorder, bipolar disorder, and attention deficit hyperactivity disorder. His alleged onset date for disability is September 1, 2010. (Tr. 15).

Plaintiff argues that the Administrative Law Judge (ALJ) erred by using identical language and citing to the same evidence in finding that M.S. suffered marked limitations in acquiring and using information but less than marked limitations in attending and completing tasks. Plaintiff's Memorandum at 1, 3-7 (document #14). The parties' cross-Motions are ripe for disposition.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

2

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The statutory and regulatory framework for evaluating disability in the case of claimant under the age of eighteen differs from the familiar sequential process for adults. A minor is considered disabled under Title XVI of the Act if he "has a medically determinable physical or mental impairment, which resulted in marked and severe functional limitations, and which can be expected to result in death or which as lasted or can be expected to last for a continuous period of

3

not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Administration ("SSA") employs a three step sequential evaluation process ("SEP") in determining disability claims for minors. 20 C.F.R. § 416.924(a):

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

20 C.F.R. § 416.924(a). In determining whether an impairment functionally meets or equals one of the listings, the ALJ must consider six functional domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. The claimant's impairments must result in marked limitations in two domains or an extreme limitation in one domain in order to meet or equal one of the listings. Id. at § 416.924(a)(D).

The ALJ found that M.S. did not meet a disability listing at Step Three. He found that M.S. had marked limitation in acquiring and using information (Tr 20). The ALJ further found that M.S. had less than marked limitations in attending and completing tasks, interacting and relating with others, (Tr 23), moving about and manipulating objects, health and physical well being, and caring for himself. (Tr 24-26). Having found that M.S. did not have marked limitations in at least two domains (or extreme limitation in one domain), the ALJ found M.S. not to be disabled.

As Defendant concedes in her brief, the ALJ used identical language and cited to the same

4

evidence in concluding that M.S. suffered marked limitations in acquiring and using information but less than marked limitations in attending and completing tasks:

> The claimant has a marked limitation in acquiring and using information. During his visit to Foothills Consulting in December 2010, the claimant was described as doing much better with his school reported "a lot of progress." (Exhibit 3F21). His medications continued to work "very well for him" with improved grades as of January 2011. (Exhibit 3F23). When he followed up with Foothills consulting associates in February, July, and September 2012, the claimant reported that he was doing "very well in school" and at home while taking Concerta. (Exhibit 3F11-12). When he returned in January 2013, it was noted that the claimant's grades had improved with the use of Concerta as he was able to concentrate and stay on task better with the medication. (Exhibit 3F9). When he followed up at Piedmont Family Services in March 2014, the claimant reported that he was making A'S and B'S in school. (Exhibit 18F3)…
>
> The claimant has less than marked limitation in attending and completing tasks. During his visit to Foothills Consulting in December 2010, the claimant was described as doing much better with his school reported "a lot of progress." (Exhibit 3F21). His medications continued to work "very well for him" with improved grades as of January 2011. (Exhibit 3F23). When he followed up with Foothills consulting associates in February, July, and September 2012, the claimant reported that he was doing "very well in school" and at home while taking Concerta. (Exhibit 3F11-12). When he returned in January 2013, it was noted that the claimant's grades had improved with the use of Concerta as he was able to concentrate and stay on task better with the medication. (Exhibit 3F9). When he followed up at Piedmont Family Services in March 2014, the claimant reported that he was making A'S and B'S in school. (Exhibit 18F3). At his hearing, the claimant's mother also testified that he plays Xbox for several hours at a time.

(Tr 21-22).

The only difference between these findings is the final sentence of the second paragraph stating that M.S. plays video games. Defendant argues that this amounts to harmless error. Defendant speculates that the ALJ erred in using this language concerning the domain of acquiring and using information, but used it correctly in the second instance as the basis for finding less than marked limitation in attending and completing tasks. Defendant's "Memorandum … is Support

5

…" at 4 (document #16).

As Plaintiff points out, the ALJ gave no explanation for this duplication of facts and citations to the evidence or how this analysis supported findings of a marked limitation in one domain and not the other. See Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). If M.S. were found to suffer from marked limitations in both domains, he would qualify for disability. 20 C.F.R. § 416.924(a)(D). Therefore, this glaring error is not harmless.

For those reasons, the undersigned respectfully recommends that this matter be remanded for a new hearing.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #13) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #15) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[2]

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo

---

[2]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: October 24, 2017

_____
David S. Cayer
United States Magistrate Judge

7

Case 1:17-cv-00012-RJC-DSC     Document 17     Filed 10/24/17     Page 7 of 7